IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville June 27, 2006

## STATE OF TENNESSEE v. DENNIS ALLEN ROLLISON

**Appeal from the Circuit Court for Montgomery County**
**No. 40300554      Michael R. Jones, Judge**

_____

**No. M2005-02574-CCA-R3-CD - Filed July 7, 2006**

_____

The defendant, Dennis Allen Rollison, was convicted by a Montgomery County Criminal Court jury of sexual battery, a Class E felony, and was sentenced to one year to be served on probation. He appeals, claiming that the evidence is insufficient because it fails to show he touched the victim inappropriately. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Roger E. Nell, District Public Defender, and Russel A. Church, Assistant Public Defender, for the appellant, Dennis Allen Rollison.

Paul G. Summers, Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The victim, C.B., who was twenty-one years old at the time of trial, testified that she and her mother were on a cross-country trip on July 26, 2003, when they stopped at a welcome center on Interstate 24 in Montgomery County. While her mother was inside the welcome center, the victim was outside with her dog. The defendant approached the victim, petted her dog, and began talking to her. The victim testified that the defendant worked himself closer to her during the course of the conversation, and after about five minutes, the defendant "ran his hands from my dog up my leg and into my crotch." She also testified that the defendant grabbed her "[i]n between my legs," and she described that area as her "crotch." The victim said she did not consent to this touching. She denied she had flirted with the defendant, and she said she felt scared and violated by his actions. After the defendant touched her crotch, the victim stepped back, went into the welcome center, and called out for her mother. The defendant walked away.

The victim and her mother locked themselves in the victim's car and called 9-1-1. An officer[1] arrived shortly thereafter, and the victim gave him a physical description of the perpetrator. The officer checked a truck that the victim thought might be the defendant's but found no one inside. The defendant drove by in a truck, and the officer stopped him. The victim identified the defendant as the perpetrator. At the trial, she testified that she was one hundred percent sure of her identification of the defendant.

Detective Shane Dortch of the Clarksville Police Department testified that he arrived at the scene within a short period of time of the 9-1-1 call. The victim had already identified the defendant as the perpetrator, and Detective Dortch had her confirm the identification in his presence. The detective identified the defendant in a booking photograph taken that evening and testified that the defendant was wearing the same shirt in the photograph that he had been wearing at the welcome center.

The defendant's theory at the trial was that the victim was mistaken in her identification of him as the perpetrator of the crime. The defendant testified that he was almost fifty-eight years old at the time of the trial. He had stopped at the welcome center to check whether his lug nuts needed to be tightened. He used the restroom inside the welcome center and attempted to make a telephone call from a public phone, but he did not have enough change. As he was leaving, an officer stopped him. The defendant unequivocally denied having seen the victim prior to being stopped by the officer. He denied having spoken with the victim and having touched her.

The victim testified on rebuttal that contrary to the defendant's testimony, she and the defendant did talk at the welcome center. She also testified that after the defendant grabbed her crotch, he told her that her dog was pretty and she was also and that he laughed as he was walking away.

The jury discredited the defendant's theory of mistaken identity and found him guilty of sexual battery. In this appeal, the defendant contends that the evidence does not support a conviction of sexual battery because it fails to demonstrate touching of an intimate part and touching for the purpose of sexual arousal or gratification. The state responds that the evidence is sufficient. We agree with the state.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all

---

[1]This officer did not testify at trial. He was identified as Officer Bartel, and at the time of trial he had been deployed to Iraq.

reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Pertinent to the defendant's conviction, "[s]exual battery is unlawful sexual contact with a victim by the defendant . . . accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the contact that the victim did not consent[.]" T.C.A. § 39-13-505(a)(2) (2003). "'Sexual contact' includes the intentional touching of the victim's . . . intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's . . . intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Id. § 39-13-501(6) (2003). "'Intimate parts' includes the primary genital area, groin, inner thigh, buttock or breast of a human being." Id. at (2).

The record reflects that the victim testified that the defendant "ran his hands from my dog up my leg and into my crotch." From this evidence, the jury could rationally conclude that the defendant touched any or all of the victim's primary genital area, groin, and inner thigh, each of which is included in the statutory definition of the phrase "intimate parts." See id. In so holding, we contrast this case with State v. Joshua Parker, No. E2004-02374-CCA-R3-CD, Cocke County (Tenn. Crim. App. Jan. 6, 2006), the case relied upon by the defendant. In Parker, we held that the victim's description of the defendant having attempted to unbutton her pants and touching her "close to my private" showed an attempt to touch the victim's "intimate parts" but did not sufficiently describe a prohibited touching to constitute the completed offense of aggravated sexual battery. Parker, slip op. at 4. In Parker, the victim's testimony could be construed as a touching near, rather than of, her "intimate parts." See id. Thus, it was not sufficiently definite to support a criminal conviction requiring touching of "intimate parts." See id. In the present case, however, only one logical conclusion may be drawn from the victim's testimony, that being that the defendant touched her "intimate parts" when he ran his hand up her leg and into her crotch.

The defendant also claims the state failed to present sufficient evidence that the touching could be reasonably construed to have been for the purpose of sexual arousal or gratification. See T.C.A. § 40-35-501(6). The state's evidence demonstrated that the defendant approached a young woman who was thirty-six years his junior and engaged her in conversation for five minutes, worked his way closer to her, and ran his hand up her leg and to her crotch. He told her she was pretty and laughed as he walked away. "[J]urors may use their common knowledge and experience in making reasonable inferences from evidence." State v. Meeks, 876 S.W.2d 121, 131 (Tenn. Crim. App. 1993). From the evidence presented, the jury could reasonably have inferred beyond a reasonable doubt that the defendant touched the victim's intimate parts for the purpose of sexual arousal or gratification. The evidence justifies the defendant's conviction for sexual battery.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE

-3-